503 P.2d 945

**STATE of Arizona, Appellee,**

**v.**

**Kenneth DeWayne ADCOX, Appellant.**

**No. 2353.**

Supreme Court of Arizona,
In Banc.

Dec. 4, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, for appellee.

Kenneth DeWayne Adcox, in pro. per.

HAYS, Chief Justice.

The appellant, Kenneth DeWayne Adcox, was charged with the crimes of assault with a deadly weapon, robbery, and kidnapping. He initially pled not guilty to all three charges but changed his plea to guilty of the crime of robbery. The charges of aggravated assault and kidnapping were dropped and he was sentenced to twenty-five to thirty years on the robbery charge.

It appears from the reporter's transcript of the preliminary hearing that on May 9, 1968, the defendant escaped from the Arizona State Hospital in Phoenix and went to a nearby home where he threatened the owner with a pair of scissors and a steak knife. He took five dollars and a blouse belonging to the victim's wife and forced the owner to drive him around Phoenix. Adcox then took the wheel himself and drove some more. When the defendant stopped the car and grabbed a young girl, the victim escaped and notified the police of the defendant's location. Adcox was arrested soon thereafter.

 The defendant filed no briefs and makes this appeal exclusively on the basis of the record. Defendant does not point out anything wrong with the plea he entered. His plea was pre-Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This court has specifically held that the requirements of *Boykin* will not be applied retroactively. State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). The pre-

*Boykin* standard is "with reference to the basic fairness of these proceedings rather than to [the] rigid standards" of *Boykin*. State v. Johnson, 107 Ariz. 169 at 170, 484 P.2d 1 at 3 (1971); State v. Reynolds, 108 Ariz. 314, 497 P.2d 812 (1972). This court, in *Griswold, supra*, in deciding a pre-*Boykin* case, said that if a plea of guilty was "freely made, that is, not under physical duress, and with full knowledge of the consequences, then it must be said that the choice is voluntarily made." 105 Ariz. at 5, 457 P.2d at 335.

In the instant case, the minutes are a part of the record on appeal and are affirmative evidence in pre-*Boykin* cases that the trial court judge made the required inquiry and findings in the presence of the defendant's counsel. State v. Claytor, 3 Ariz.App. 226, 413 P.2d 285 (1966); and *see* State v. Anders, 1 Ariz.App. 181, 400 P.2d 852 (1965); Arizona Constitution, art. VI, § 30, A.R.S.

Judgment affirmed.

CAMERON, V. C. J., and STRUCK-MEYER and LOCKWOOD, JJ., concur.

Note: Justice HOLOHAN did not participate in the determination of this matter.