506 P.2d 1034

**The STATE of Arizona, Appellee,**

v.

**Laymon TAYLOR, Appellant.**

**No. 2420.**

Supreme Court of Arizona,
In Banc.
March 1, 1973.

Gary K. Nelson, Atty. Gen., by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Jed W. Jurkowitz, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is a delayed appeal from judgments of guilty after pleas of guilty to the crimes of murder (second degree), § 13–451 A.R.S., and assault with intent to murder, § 13–248 A.R.S., and from a sentence of twenty years to life on the murder (second degree) charge and a sentence of five to ten years on the assault with intent to commit murder charge.

We are asked to determine on appeal whether defendant's pleas were knowingly, intelligently, and voluntarily made.

The facts necessary for a determination of this appeal are as follows. After a preliminary hearing, the defendant was held to answer to the charges of murder, § 13–451 A.R.S., and assault with intent to murder, § 13–248 A.R.S.

On 1 June 1966, the court granted a motion for a mental examination pursuant to Rule 250, Arizona Rules of Criminal Procedure, 17 A.R.S., to determine if the defendant was capable of understanding the proceedings against him and to determine if he was capable of assisting in his defense. After considering psychiatric reports, the court found that the defendant was able to understand the proceedings against him and was able to assist in his defense.

On 16 August 1966, defendant withdrew his previously entered pleas of not guilty and entered pleas of guilty to an amended information charging murder (second degree) and assault with intent to commit murder. The following transpired:

"THE COURT: Laymon Taylor.

"[DEFENSE ATTORNEY]: Your Honor, I have fully discussed the possible consequences of a plea to Murder in the Second Degree with Mr. Taylor, and also a plea to Count II, The assault With Intent to Commit Murder. * * *

* * * * * *

"[PROSECUTOR]: Mr. Taylor, you have consulted your attorney regarding this plea?

"DEFENDANT: Yes.

"[PROSECUTOR]: And understand you are pleading guilty to two felonies?

"DEFENDANT: Yes.

"[PROSECUTOR]: Murder, Second Degree, and Assault With Intent to Commit Murder?

"DEFENDANT: Yes.

"[PROSECUTOR]: And you understand a different Court other than the Court today will sentence you regarding these pleas?

"DEFENDANT: Yes.

"[PROSECUTOR]: You understand that the Court could give you proba-

tion, but also could sentence you to a term of years in the State Prison?

"DEFENDANT: Yes.

"[PROSECUTOR]: And you are making this plea with your own free will?

"DEFENDANT: Yes.

"[PROSECUTOR]: Have any threats been made regarding this plea—or promises?

"DEFENDANT: No.

"[PROSECUTOR]: Do you have any questions you like to ask your attorney, or the Court or County Attorney's office at this time?

"DEFENDANT: No.

EXAMINATION BY THE COURT

"Q Mr. Taylor, how far did you go in school?

"A Third grade.

"Q How old are you?

"A Forty-two.

"Q This is a very serious charge. Is there any questions you want to ask your attorney further before you enter a plea?

"A No.

"Q Two counts, Count I, amended to be Murder, Second Degree, with malice aforethought, but not with premeditation and deliberation. It can carry a term of ten years to life. You could be sent to prison for life.

"A Yes.

"Q And Count II is also a very serious felony, Assault With Intent To Murder. You understand that you wish to plead guilty to both charges?

"A Yes.

"Q Count I says that on April 15 of this year you did murder Ernestine Johnson; and Count II, that you did assault with intent to murder Mason Walker. You understand those two charges?

"A Yes.

"Q And those are the two you wish to plead guilty to is that right?

"A Yes.

"Q The Court finds that the request by the defendant to enter a plea of guilty to the two charges is made knowingly, and intelligently and voluntarily. * * *"

Defendant claims that his pleas of guilty were not taken in accordance with requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We have stated that Boykin will be given only prospective application, State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969), and defendant entered his pleas long before the decision in Boykin was rendered.

We are then required to review the facts in this case under pre-Boykin standards. The rule in Arizona has always been that a plea of guilty must be voluntarily and understandingly made and without coercion. State v. Celaya, 107 Ariz. 175, 484 P.2d 7 (1971).

We are convinced from a review of the record that defendant entered his pleas voluntarily and intelligently and without coercion. Pursuant to a motion for determination of defendant's mental ability to stand trial under Rule 250, Arizona Rules of Criminal Procedure, 17 A.R.S., the court found that the defendant was able to understand the proceedings against him and to assist in his defense. Before the defendant was questioned as to his desire to enter a guilty plea, his attorney informed the court that the possible consequences of a plea of guilty to both charges had been fully discussed with the defendant. Further questioning of defendant by the prosecutor and the court indicates that the pleas were entered knowingly and voluntarily. There is nothing in the record to indicate otherwise.

We have reviewed the entire record as required by § 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and Anders v. California, 386 U.S. 738, 87 S.Ct.

1396, 18 L.Ed.2d 493 (1967). We find no fundamental error.

Judgments affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.