541 P.2d 918
**STATE of Arizona, Appellee,**
v.
**Jeryl La Rue SMITH, Appellant.**
**No. 3227.**

Supreme Court of Arizona,
En Banc.
Oct. 27, 1975.

---

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Grayson M. Sandy, Jr., Phoenix, for appellant.

HAYS, Justice.

Jeryl La Rue Smith was found guilty of the crime of possession of heroin and sentenced to serve a term of not less than three nor more than ten years in the Arizona State Prison. He appeals from the judgment and sentence, and we take jurisdiction of the case pursuant to Rule 47(e)(5), Rules of the Supreme Court.

The case was submitted to the trial court upon the transcripts of the preliminary hearing upon stipulation of counsel and after a hearing to determine if Smith waived his right to a trial by jury. Smith also signed a written waiver of jury trial.

The issue on appeal, in the words of counsel, is whether submission to the trial court on a preliminary hearing transcript may be accepted without compliance with

the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In *State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974), we held:

"Due process requires that the trial court make a record similar to that required by *Boykin v. Alabama*, supra, to determine if the decision to submit the case on the preliminary hearing transcript was freely, intelligently, and voluntarily made." 528 P.2d at 837.

Because this question was decided in *State v. Crowley, supra,* the issue before us now would be more aptly phrased as whether *State v. Crowley, supra,* is to be retroactively applied to a judgment and sentence rendered two months prior to that decision.

■ The United States Constitution does not prohibit nor require the retroactive application of a constitutional rule of criminal procedure. *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Application of Billie,* 103 Ariz. 16, 436 P.2d 130 (1968). Retroactivity is not determined by the value of the constitutional guarantee at issue. *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Each rule has a distinct function, an individual history and precedent, and a separate impact on the administration of justice. *Johnson v. New Jersey, supra; Application of Billie, supra.*

■ We are reluctant to apply a rule of criminal procedure retroactively. To characterize a past proceeding as unconstitutional and therefore void reflects seriously on the integrity of the law itself. *Linkletter v. Walker, supra;* see Macklin Fleming, *The Price of Perfect Justice* (1974). Judicial repeal weakens the confidence of those who trusted in the existence and validity of the rule and undermines the doctrine of the finality of prior determinations. *Linkletter v. Walker, supra.* Retroactive application of a rule is justified only if the rule affects the integrity of the fact-

finding process and there is a clear danger of convicting the innocent. *Johnson v. New Jersey, supra; Linkletter v. Walker, supra; Tehan v. United States ex rel. Shott,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed. 2d 453 (1966); *Application of Billie, supra.*

■ The effect of a rule on the integrity of the factfinding process is a matter of degree and depends to the. greatest extent on what other safeguards protect the integrity of the process. *Johnson v. New Jersey, supra; Application of Billie, supra.*

■ Article 6, § 17 of the Arizona Constitution provides the right of trial by jury but expressly allows the waiver of that right with the consent of the parties and of the court. The accused may exercise his waiver if in a competent manner. *Adams v. United States ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942); *State v. Little,* 104 Ariz. 479, 455 P.2d 453 (1969). The validity of the waiver depends upon the unique circumstances of each case. *Adams v. United States ex rel. McCann, supra; State v. Little, supra.* We find from the record in this case that Smith made a free and intelligent waiver of his right to a jury trial. Not only did he sign the waiver form, but he discussed the matter with counsel and was questioned by the trial judge at a hearing on the matter.

■ Smith was obviously aware of and did exercise his right to have the assistance of counsel. His right to the confrontation of witnesses had been extensively exercised in his presence at the preliminary hearing at which hearing he also chose to invoke his constitutional privilege not to testify and therefore did not testify on his own behalf. The facts of the record are more than sufficient to support the finding of guilt.

These are the essential requirements imposed by *State v. Crowley, supra.* The *Crowley* decision was designed to insure as absolutely as possible that the accused un-

derstand the ramifications of the decision to submit his case upon the preliminary hearing transcripts. It was derived by analogy to the process of pleading guilty mandated by *Boykin v. Alabama, supra. Boykin* has not been applied retroactively. *State v. Griswold*, 105 Ariz. 1, 457 P.2d 331 (1969).

 We hold that *State v. Crowley, supra*, also will have only prospective application. The integrity of the factfinding process was not violated in any way; there was no danger of convicting an innocent person.

The judgment and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.