556 P.2d 315

**STATE BAR of Arizona, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, the Honorable T. J. Mahoney, Local Administrative Committee 5–L and its Chairman James T. Bialac, Respondents,**

and

**A MEMBER OF the STATE BAR of Arizona, Respondent in No. 75–6–5L, Real Party in Interest.**

No. 12757.

Supreme Court of Arizona,
In Banc.

Oct. 20, 1976.

Larry V. Cronin, Robert J. Welliever, Phoenix, for petitioner.

Jack C. Cavness, Phoenix, for real party in interest.

GORDON, Justice:

The State Bar of Arizona, through their counsel Larry V. Cronin and Robert J. Welliever, brought this special action requesting that this court order respondent The Honorable T. J. Mahoney to release a sealed transcript of certain testimony of real party in interest to be used in connection with State Bar disciplinary hearing in the matter of 75–6–5L. Petitioner also requested appropriate orders directed to respondent James T. Bialac, Chairman of Local Administrative Committee 5–L, concerning the use of this transcript at the hearing.

In compliance with Rule 32(d), Rules of the Supreme Court, 17A A.R.S., the names of the real party in interest and of the partis to the relevant divorce proceedings will not be used.

In a 1973 divorce action between spouses not parties to this action, plaintiff wife discovered assets in an out-of-state bank in the name of defendant husband. Upon inquiry into the possibility of hidden community assets, the husband replied that real party in interest herein, who is an attorney, could testify that the bank deposit did not constitute assets of the marital community. When the divorce action went to trial, real party in interest was called to testify by defendant husband on February 28, 1975. It is this testimony which is at issue in this petition.

The record of the divorce proceeding reveals that counsel for defendant husband, counsel for plaintiff wife and counsel for real party in interest all agreed that the

testimony of real party in interest was to be taken in chambers and the transcript sealed. The court concurred. Real party in interest then testified.

Based upon this testimony, attorney for the wife in the divorce action made a complaint to the State Bar of Arizona alleging ethical improprieties on the part of real party in interest. The matter was assigned to respondent committee, and bar counsel was assigned to investigate. As part of this investigation, bar counsel obtained a full transcript of the relevant proceedings. It was apparently not realized that the matter was sealed. Pursuant to Rule 33, Rules of the Supreme Court, 17A A.R.S., a formal complaint was filed by the State Bar charging real party in interest with ethical improprieties.

Respondent Judge Mahoney, upon request from the State Bar and the committee, held an informal hearing without testimony. After hearing argument, Judge Mahoney denied the request to release the sealed testimony, explaining this decision in a minute entry. To summarize his reasoning, Judge Mahoney thought that a decision to release the testimony should come from this court. Because respondent Bialac, on behalf of respondent committee, has taken the position that the testimony cannot be admitted into evidence in a disciplinary proceeding unless it is released by respondent Judge Mahoney or by this court, this special action petition was filed.

This petition raises two issues: (1) Did the trial court have authority to order this transcript sealed and (2) if so, may the trial court refuse to release the testimony for the purpose requested here? Because we hold that the trial court did not have authority to order the transcript sealed, we need not reach the second issue.

■ Article 2, § 11 of the Arizona Constitution states: "Justice in all cases shall be administered openly * * *." A more detailed directive is found in Rule 77(d) of the Rules of Civil Proceduree, 16 A.R.S., promulgated by this court. Rule 77(d) states:

"All trials upon the merits shall be conducted in open court and so far as convenient in a regular court room. All other acts or proceedings may be done or conducted by a judge in chambers * * *."

The testimony at issue here was an integral part of a trial on the merits of a divorce. The testimony, according to respondent Judge Mahoney's minute entry, was taken to determine whether or not the marital community had a pecuniary interest in certain property. Under Rule 77(d) such testimony may not be taken in chambers and sealed.

■. Real party in interest argues it is "inappropriate that testimony given under a stipulation entered into by a party who initiated these proceedings with the State Bar should now be used in a manner which is contrary to that stipulation." We agree. This court has not previously spoken on this issue. Four attorneys and a judge agreed to seal the testimony, and real party in interest relied upon this agreement when he decided to testify. The State Bar disciplinary proceeding was brought about by the action of one of the parties to this agreement. Under these circumstances, fairness dictates that our decision be applied prospectively only. Cf., *Wainwright v. Stone*, 414 U.S. 21, 94 S.Ct. 190, 38 L. Ed.2d 179 (1973); *State v. Smith*, 112 Ariz. 321, 541 P.2d 918 (1975).

For the foregoing reasons we hold that the trial court, absent specific statutory authorization, had no authority to order the testimony sealed. The relief sought by petitioner, however, is denied on the basis of fairness to the real party in interest.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.