560 P.2d 1287

**STATE of Arizona, Appellee,**

v.

**Edward Cornelius RAY, Appellant.**

**No. 1 CA–CR 2025.**

Court of Appeals of Arizona,
Division 1,
Department C.

Feb. 24, 1977.

Bruce E. Babbitt, Atty. Gen., by Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Judge.

On this appeal from a judgment of conviction and sentence imposed after the en-

try of a plea of no contest, appellant's primary contention is that his plea must be set aside as involuntary because the trial judge did not specifically advise him concerning the intent element of the crime charged. In support of his position appellant relies upon the United States Supreme Court's decision in *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), which held that a plea of guilty to second degree murder was involuntary where the defendant alleged that he had been unaware at the time of the plea that a specific intention to cause the death of the victim was an element of the crime, and this allegation was supported by the circumstances that neither defense counsel nor the court had explained to the significantly mentally retarded defendant that this intent was a necessary element, and the defendant had made no factual statement or admission implying that he had had such an intent, but rather had made statements implying a lack of such intent.

The record in the instant case shows that appellant was initially charged with assault with intent to commit rape. After an extended preliminary hearing, and just before the scheduled commencement of his trial, appellant entered into a written plea agreement in which he agreed to plead no contest to a charge of aggravated assault, an open-end offense, A.R.S. § 13–245A(1). At the plea hearing the trial judge thoroughly examined appellant in compliance with the provisions of Rule 17.2, Ariz. Rules of Criminal Procedure. The judge then accepted the plea, after specifically finding that appellant's plea was knowingly, voluntarily and intelligently made, and that there was a factual basis to believe that appellant was guilty of the charge.

An extensive detailing of the factual basis for the charge can be found in the transcript of the preliminary hearing, during which appellant's counsel engaged in a thorough cross-examination of the complaining witness. This factual basis was summarized by the prosecuting attorney at the plea hearing in a statement of the facts

which he felt that the evidence would show, as follows:

"That he entered this lady's apartment at 2302 North 29th Street, No. 8. And while in there—he was invited in; however, during the early morning hours he, while there, proceeded to choke the victim by putting his hand around her neck. The State would introduce photographs to show the injuries to the victim. I believe with this evidence the State would prove the defendant guilty of the crime of Aggravated Battery.

"THE COURT: Under the provisions of the 13–245.(A).1?

"MR. JOHNSON: Yes, Your Honor, as a battery or assault committed in a private residence, namely the private residence of Kathleen Keel, 2302 North 29th Street, in apartment  .   .   .

"THE COURT: Mr. Martin, will you avow to the Court that such would likely be the proof against this defendant?

"MR. MARTIN: Yes, Your Honor. We agree that that would be the State's case."

The transcript of the plea hearing further reveals that the reduction of the charge came about because of the belief of counsel that there was an arguable issue as to the existence of a specific intent on the defendant's part *to commit rape* as would be required for conviction on the original charge. Defendant now argues that his plea was involuntary, in that the record does not show that he was specifically advised of the element of intent necessary to support a conviction on the aggravated assault charge, which is a general intent crime.

The contention that in determining the voluntariness of a guilty plea the trial judge must advise the defendant of the specific legal elements of the crime charged has been considered by the Arizona Supreme Court in numerous decisions. While recognizing that due process requires that the accused be advised of the nature of the charges against him, the Arizona Supreme Court has refused to adopt an inflexible standard which would require the enumer-

ation of the specific legal elements of the offense as a prerequisite to a finding of voluntariness. *State v. Davis*, 112 Ariz. 140, 539 P.2d 897 (1975); *State v. Miller*, 110 Ariz. 304, 518 P.2d 127 (1974); *State v. DeGrate*, 109 Ariz. 143, 506 P.2d 1037 (1973).

■ Judged in accordance with the standards set by the Arizona Rules of Criminal Procedure and the above-cited decisions of the Arizona Supreme Court, there can be no question but that appellant's plea was voluntarily and intelligently entered. The question now presented is whether the decision of the United States Supreme Court in *Henderson v. Morgan, supra*, requires a contrary result in this case. We hold that it does not.

■ If *Henderson v. Morgan* is read as a determination that, under the totality of the circumstances there presented, the defendant's plea was involuntary, there can be no question but that it is simply an application of prior law. But appellant argues that *Henderson* imposes a new requirement that a defendant be specifically advised of all the legal elements of the offense to which he pleads guilty before that plea can be considered voluntary. Both the majority and the concurring opinions in *Henderson* seem to negate this reading, but even if we were to read that case as imposing this type of requirement, we must still decide whether the requirement of a showing in the record of a formal explanation of this type should be applied retroactively to plea proceedings such as those in the present case, where the judgment and sentence were entered prior to the *Henderson v. Morgan* decision. The issue of retroactivity has frequently been faced by both federal and state courts in recent years. The standards developed in these decisions were summarized in a recent Arizona Supreme Court decision as follows:

"In deciding whether to apply newly adopted rulings retroactively, we consider three criteria: (1) the purpose of the new rule; (2) the extent of reliance upon the old rule; and (3) the effect retroactive application would have upon the administration of justice. *Halliday v. United States*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); *Desist v. United States*, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). We are reluctant to apply a constitutional rule of criminal procedure retroactively as '[t]o characterize a past proceeding as unconstitutional and therefore void reflects seriously on the integrity of the law, * * * weakens the confidence of those who trusted in the existence and validity of the rule and undermines the doctrine of the finality of prior determinations.' *State v. Smith*, 112 Ariz. 321, 541 P.2d 918 (1975). See *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1975). Retroactive application of a rule is appropriate if it affects the integrity of the fact-finding process and there is a clear danger of convicting the innocent. *Johnson v. New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). 'The effect of a rule on the integrity of the fact-finding process is a matter of degree and depends to the greatest extent on what other safeguards protect the integrity of the process.' *State v. Smith, supra*. See *Stoval v. Denno*, [sic] 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)." *State v. Stenrud*, 113 Ariz. 327, 553 P.2d 1201 at 1202, 1203 (1976).

■ Applying these standards to the case at hand, considering the overwhelming reliance by the Arizona courts on the well-established Arizona rule which did not require an enumeration of the legal elements of the crime charged, and the obvious effect which retroactive application of such a rule would have on the administration of justice, we hold that even if *Henderson v. Morgan* is read to impose a rule requiring such an enumeration, this rule should not be applied to plea proceedings which occurred prior to the date of that decision, June 17, 1976.

■ Separate and apart from questions raised concerning the applicability of *Henderson v. Morgan, supra*, appellant, relying

upon *State v. Reynolds*, 25 Ariz.App. 409, 544 P.2d 233 (1976), contends that when a plea of guilty is coupled with a statement by the defendant negating one of the essential elements of the crime, the trial judge then has a duty to inquire into and resolve the conflict between the waiver of trial and the claim of innocence. The facts in the *Reynolds* case were that a defendant who owned a janitorial service fell ill and forgot to return rented cleaning equipment. The record did not show any factual basis from which it could be determined that Reynolds, the defendant, had the intent to cheat or defraud the owner of the janitorial equipment. When Reynolds pled guilty to obtaining property by false pretense or confidence, he specifically repudiated any element of criminal intent while acknowledging that he was negligent in keeping the cleaning equipment past its return due date.

. But, unlike the *Reynolds* case, there is nothing in the record presented here which would call into question the presence of an intent on appellant's part to commit the crime to which he entered his plea. While he did enter a plea of "no contest"[1], appellant did not contend that he was innocent, or that he did not in fact enter the victim's residence and commit an aggravated assault upon her by placing his hands around her throat and choking her. In fact, no contention is made on this appeal that he did not actually have the intent required for conviction on the aggravated assault charge, or that he was unaware that such an intent was an element of the crime, or that he was misled or uninformed in any manner. We therefore reject appellant's reliance on *State v. Reynolds, supra.*

■ One further question raised by appellant concerns the fact that while the written plea agreement called for a plea to the charge of aggravated assault, the minute entry and transcript refer to aggravated battery. Appellant does not claim that any prejudice resulted to him from this obviously inadvertent discrepancy in the record, nor can we perceive of any. Both of these charges are covered in the same statute, involve the same possible penalties, and are often referred to conjunctively. Counsel did not bring this alleged error to the attention of the court at either the time of the plea hearing or at the later sentencing hearing. Under these circumstances, and particularly in the absence of a showing of some actual prejudice, it is our opinion that this verbal slip by the trial court must be considered as mere technical error not justifying reversal. *See* Constitution of Arizona, Art. 6, § 27; *State v. Mendiola*, 23 Ariz.App. 251, 532 P.2d 193, approved and adopted as the opinion of the Arizona Supreme Court, 112 Ariz. 165, 540 P.2d 131 (1975).

The judgment is modified to show a conviction on the charge of aggravated assault in violation of A.R.S. § 13–245A(1), rather than aggravated battery, and as so modified, the judgment of conviction and sentence are affirmed.

FROEB, Chief Judge, Division 1, and JACOBSON, P. J., concur.

---

1. As required by Rule 17.1(c), Ariz. Rules of Criminal Procedure, the trial judge found that due consideration of the views of the parties and the interests of the public in the effective administration of justice indicated that the plea of no contest should be accepted.