562 P.2d 1376

**The STATE of Arizona, Appellee,**

v.

**Robert G. ROBIN, Appellant.**

**No. 1 CA–CR 2054.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 5, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Judge.

Pursuant to written plea agreement, on April 27, 1976, the appellant Robert G. Robin entered a plea of guilty to the crime of murder in the second degree. The prosecution arose out of the February 3, 1974 shooting of William Dong, the proprietor of a store. The shooting took place after one of appellant's companions announced an armed robbery.

Prior to entering this plea, appellant, in a trial before a different judge, had been found guilty by a jury of the first degree murder of Dong. This conviction was reversed on appeal because the trial judge had communicated with the jury on an issue of fact in the absence of appellant and his counsel. *State v. Robin*, 112 Ariz. 467, 543 P.2d 779 (1975). There was another subsequent trial which ended in a mistrial when the jury was unable to reach a verdict.

The sole asserted basis of the instant appeal is that the record at the change of plea hearing does not show that appellant was advised, in his counsel's words, that "intent to kill" is an element of the crime of second degree murder. Appellant relies upon *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). We do not believe that any plausible reading of *Henderson* would require reversal under the facts of this case.

In Arizona, second degree murder is the killing of a human being with malice aforethought but without deliberation and premeditation, and not in the actual or attempted perpetration of certain enumerated crimes, including robbery. A.R.S. § 13–452; *State v. Schroeder*, 95 Ariz. 255, 389 P.2d 255 (1964), *cert. denied*, 379 U.S. 939, 85 S.Ct. 347, 13 L.Ed.2d 350. It has been held that a specific intent to commit homicide is not an element of murder in the second degree. *State v. Ramirez*, 111 Ariz. 504, 533 P.2d 671 (1975).

*Henderson, supra*, is self-described as "unique". *See State v. Ray*, 114 Ariz. 380, 560 P.2d 1287 (filed February 24, 1977). *Henderson* does not have the effect of creating a presumption that an accused has not been advised of the elements of an offense to which he pleads. Rather, in the penultimate paragraph of the prevailing opinion, it appears that the opposite presumption is normally to be indulged. 426 U.S. at 645–646, 96 S.Ct. at 2258, 49 L.Ed.2d at 115, 116. Nor does it appear that *Henderson*, of itself, mandates abandonment of the rule often stated by our own supreme court that recital of the legal elements of the offense is unnecessary to a valid guilty plea. *State v. Ohta*, 114 Ariz. 489, 562 P.2d 369 (filed March 16, 1977).

The appellee in its answering brief has pointed out that the trial judge at the first trial instructed the jury on the distinctions between first and second degree murder. The brief purports to quote the detailed statement. While the transcript of that

trial has not been brought before us, appellant has not responded to this or any other portion of appellee's brief.

The instant plea was taken pursuant to the principles of *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). While appellant persisted in his claim of innocence, he felt that if he went to trial again he would be found guilty of first degree murder. There was a factual basis for first degree murder and the entire factual milieu before us points to a voluntary, intelligent and well-informed plea. *Henderson v. Morgan* is easily distinguishable on several grounds; even if it were not, it is not to be applied retroactively. *State v. Henry,* 114 Ariz. 494, 562 P.2d 374 (filed March 18, 1977); *State v. Ray, supra.*

The judgment and sentence are affirmed.

NELSON, P. J., and DONOFRIO, J., concur.