697 P.2d 325

**STATE of Arizona, Appellee,**

v.

**James Vincent DOSZTAL, Appellant.**

No. 4729–2.

Supreme Court of Arizona, In Banc.

March 19, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

CAMERON, Justice.

This is a delayed appeal by the defendant, James Vincent Dosztal, from judgments of guilt to the crimes of armed burglary (former A.R.S. §§ 13–301 and –303), wearing a mask during the commission of a crime (former A.R.S. § 13–981), and assault with a deadly weapon (former A.R.S. § 13–245). He was sentenced to concurrent terms of ten to fifteen years for the armed burglary, one to five years for wearing a ski mask, and fifteen years to life for the assault with a deadly weapon. We have jurisdiction pursuant to Art. 6, § 5(3) of the Arizona Constitution, and A.R.S. §§ 13–4031 and –4035.

The issue we must decide is whether our decision in *State v. Avila,* 127 Ariz. 21, 617 P.2d 1137 (1980), is to have retroactive effect.

The facts of this case are not in dispute. Defendant was wounded and apprehended while committing a burglary at a Phoenix drugstore. He was represented by counsel and initially tried by a jury. Part way through the jury trial, and after the direct testimony of the complaining witness, a police officer, defendant waived trial by jury and submitted the matter to the trial court. After informing him of numerous rights he was giving up, the Court found that the waiver was "knowingly, voluntarily and intelligently" made.

Defendant did not cross-examine the officer and presented no further evidence. The court, after reviewing the written statements of witnesses, found the defendant guilty. After sentencing, defendant appealed to the Court of Appeals, which affirmed. *State v. Dosztal,* 123 Ariz. 285, 599 P.2d 241 (App.1979). Defendant then petitioned this Court for review and the petition was granted. We vacated the opinion of the Court of Appeals because defendant had been sentenced to life imprisonment, and, therefore, the Court of Appeals lacked jurisdiction over the appeal. A.R.S. § 13–4031. *State v. Dosztal,* 135 Ariz. 485, 662 P.2d 450 (1983). We remanded the case to the Superior Court so that defendant could be appointed new counsel for the purpose of bringing a delayed appeal.

In *State v. Avila, supra,* we held that a defendant must be informed of the rights he gives up when electing to waive trial by jury and opting to have guilt or innocence determined by the court. In *Avila,* we analogized the warnings which a defendant must be given when he submits his case to the court to those required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), whenever a defendant enters a guilty plea. In particular, we stated that an accused must be informed that he waives the following rights by submission of his case to the court:

1. The right to a trial by jury where he may have representation of counsel;
2. The right to have the issue of guilt or innocence decided by the judge based solely upon the record submitted;
3. The right to testify in his own behalf;
4. The right to be confronted with the witnesses against him;
5. The right to compulsory process for obtaining witnesses in his favor;
6. The right to know the range of sentence and special conditions of sentencing.

*Avila* at 24–25, 617 P.2d at 1140–41. In the instant case, it would appear from the record before this Court that defendant was not informed of (3) the right to testify on his own behalf and (5) the right to compulsory process. Defendant contends that *Avila* requires that we reverse the matter. *Avila* was filed on 17 September 1980, more than two years after defendant waived his right to trial by jury (on 14 August 1978). Only by giving *Avila* retroactive effect can the matter be reversed.

The U.S. Supreme Court has stated "the Constitution neither prohibits nor requires retrospective effect" for decisions setting forth new constitutional guidelines. *Linkletter v. Walker,* 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601, 608 (1965). "The criteria guiding resolution of the question implicates (a) the purpose to be served by the new standards, (b) the extent

of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *Stovall v. Denno*, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967).

The purpose served by *Boykin* was to prevent fraud, coercion or duress on the defendant in the entering of guilty pleas. In the instant case, the defendant was represented by counsel and the following dialogue took place:

THE COURT: Have there been any promises or any threats to make you sign these waivers of trial by jury?

DEFENDANT: No.

\* \* \* \* \* \*

THE COURT: Have there been any promises as to what type of sentence, or any promise that you will get probation on any charge that warrants probation?

DEFENDANT: No.

\* \* \* \* \* \*

THE COURT: The court finds the waiver of trial by jury o[f] both defendant[s] is made knowingly, voluntarily and intelligently.

There does not appear to have been any threats and the finding of the trial court was based on the questions answered by the defendant. Because the dangers with which *Avila* was concerned are not implicated in the instant case, we do not believe that the purpose of that opinion will be served through its retrospective application here.

The second and third criteria, the extent of reliance on the old standards and the burden on the administration of justice that would flow from a retroactive application, also militate in favor of applying *Avila* prospectively. *Boykin* was decided in 1969 and *Avila* in 1980. In the interim, the law in Arizona was that *Boykin* warnings were required only as to a small subset of cases submitted to the court, namely, when submission was tantamount to a guilty plea. *See, e.g., State v. Woods*, 114 Ariz. 385, 561 P.2d 306 (1977); *State v. Gaines*, 113 Ariz. 206, 549 P.2d 574 (1976). *Avila*, however,

extended *Boykin* rights to *all* submissions to the court. It represented, therefore, a departure from a rule relied upon for eleven years. Under these circumstances, "[w]e are reluctant to apply a constitutional rule of criminal procedure retroactively as '[t]o characterize a past proceeding as unconstitutional and therefore void reflects seriously on the integrity of the law, \* \* \* weakens the confidence of those who trusted in the existence and validity of the rule and undermines the doctrine of the finality of prior determinations.'" *State v. Ray*, 114 Ariz. 380, 383, 560 P.2d 1287, 1290 (App.1977) (quoting *State v. Smith*, 112 Ariz. 321, 323, 541 P.2d 918, 920 (1975)).

Because defendant was wounded during the commission of the offenses charged and apprehended at the scene, no reasonable argument can be made that he was not the person who committed these crimes. Retroactive application of *Avila* is not warranted as failure to apply its holding retroactively neither affects the integrity of the factfinding process nor results in a clear danger of convicting the innocent. *State v. Ray, supra* at 383, 560 P.2d at 1290. Although *Avila* conferred important rights to an accused, "[r]etroactivity is not determined by the value of the constitutional guarantee at issue." *State v. Smith, supra* at 323, 541 P.2d at 920. Thus, on numerous occasions we have held that *Boykin* is not retroactive. *State v. Taylor*, 109 Ariz. 140, 506 P.2d 1034 (1973); *State v. Adcox*, 108 Ariz. 603, 503 P.2d 945 (1972); *State v. Endreson*, 108 Ariz. 366, 498 P.2d 454 (1972). No good reason has been advanced for according retroactive effect to a decision which merely applies *Boykin* in a different context. *Avila*, therefore, will be given prospective effect only.

We have searched the record for fundamental error pursuant to A.R.S. § 13–4035, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), and find none.

Defendant's convictions and sentences are affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.