750 P.2d 31

**STATE of Arizona, Appellee,**

v.

**Galen Lee ADAMS, Sr., Appellant.**

**1 CA–CR 11179.**

Court of Appeals of Arizona,
Division 1, Department D.

Nov. 19, 1987.

Review Granted March 8, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and John B. Barkley, Asst. Atty. Gen., Phoenix, for appellee.

Stephen M.R. Rempe, (Interim), Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

FROEB, Judge.

Appellant's plea was accepted by the trial court on December 10, 1986. On February 26, 1987, the Arizona Supreme Court filed its decision in *State v. Phillips*, 152 Ariz. 533, 733 P.2d 1116 (1987). Relying on *Phillips*, appellant contends that his plea agreement must be set aside because he was not informed of the specific amount of restitution which could be ordered.

In *Phillips*, the defendant pled guilty to leaving the scene of an accident involving personal injury. The plea agreement provided: "Restitution of economic loss to the victim in the amount of *$ to be determined* will be required" but did not set forth the amount of restitution. *Phillips*, 152 Ariz. at 534, 733 P.2d at 1117 (emphasis in original). Moreover, the trial judge did not advise the defendant of the amount of restitution he would have to pay. The court thereafter placed the defendant on probation and ordered him to pay restitution "in the total amount of $6,130.65...." Although the issue was not raised in the trial court, defendant successfully argued on appeal that his sentence should be vacated and that his plea, as well as the plea agreement, should be set aside. The court held that a plea is not voluntarily and intelligently made unless the defendant is aware

of the amount of restitution that can be imposed. The court stated that:

> [W]e will conclude that appellant thoroughly understood the consequences of his agreement to pay restitution only if the record contains at least one of the following: (1) a statement in the plea agreement setting forth a specific dollar amount of restitution; (2) a statement by the defendant indicating agreement to pay a specific dollar amount of restitution; or (3) a warning by the trial judge prior to accepting the defendant's plea that he can order restitution of a specific dollar amount.

*Phillips*, 152 Ariz. at 535, 733 P.2d at 1118.

In the present case, appellant was indicted on one count of trafficking in stolen property, a class 3 felony, and two counts of second degree burglary, class 3 felonies. On December 10, 1986, appellant entered into a written plea agreement pursuant to *North Carolina v. Alford*, whereby he agreed to plead guilty to trafficking in stolen property in the second degree, a class 3 felony, with one prior felony conviction. The state in return dismissed the two burglary charges, the allegation of an additional prior felony conviction and appellant's parole status, and charges pending in Maricopa County Cause No. CR–163333.

The plea agreement required payment of restitution to the victim for economic loss. Appellant also specifically agreed to make "any required restitution for crimes alleged in CR–163333." However, the amount of restitution was not specified in the plea agreement. Furthermore, the amount of restitution was not specified at the change of plea hearing.

The trial court accepted appellant's guilty plea and sentenced him to 15 years in the Arizona State Prison, less 87 days presentence incarceration. Additionally, appellant was fined $100 pursuant to A.R.S. § 13–812 and ordered to pay restitution of $100.

■ After examining Arizona precedent addressing the issue of prospective application of judicial decisions, especially decisions effecting substantial changes in criminal procedure, we are persuaded that *Phillips* should apply only to appeals in which the trial court accepted the defendant's plea after the decision in *Phillips* was rendered on February 26, 1987. Consequently, we do not reach the other arguments presented by the state.

We turn first to the recent United States Supreme Court decision in *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), holding that a newly declared constitutional rule must be applied to criminal cases pending on direct review, with no exception for a new rule, even if it is a clean break with past precedent. *Griffith* dealt, however, with the jurisprudence of the United States Supreme Court and does not rest upon federal or state constitutional principles. Stated another way, there is no federal principle involved which would prevent a state court in Arizona from deciding that a state decision should have only prospective application. *See, People v. Erickson*, 117 Ill.2d 271, 111 Ill. Dec. 924, 513 N.E.2d 367 (1987). Therefore, as a threshold matter, we hold that Arizona case law is controlling. Arizona courts have customarily decided prospective issues based upon state grounds. *See, e.g., State v. Gates*, 118 Ariz. 357, 576 P.2d 1357 (1978).

We proceed to a discussion of what retroactive effect, if any, *State v. Phillips* should be given.[1] No reasonable argument can be made that *Phillips* should apply to criminal convictions and sentences in which

---

1. *State v. Lukens*, 151 Ariz. 502, 729 P.2d 306 (filed approximately three months before *Phillips* on Nov. 20, 1986) held that a plea to a crime involving a statutory amount was involuntary where the defendant was not informed that he would be required to pay restitution exceeding the statutory limit. Later *State v. Phillips* applied *Lukens* to all plea agreements involving restitution. Although *Lukens* presaged the decision in *Phillips*, it dealt only with crimes having a statutorily proscribed monetary limit. In accordance with our holding in this case, pleas to crimes without statutory limits accepted prior to *Phillips* are not subject to reversal, even though they may have been accepted after *Lukens*. The correlative is also true. Pleas to crimes *with* statutory limits are subject to reversal after *Lukens* rather than after *Phillips*. Since this case does not involve a crime with a statutory limit, we need not discuss *Lukens* further.

the right of direct appeal was exhausted before February 26, 1987. By the same token, it is clear that *Phillips* would apply to all pleas accepted after February 26, 1987. This leaves cases in which the plea was accepted *before* February 26, 1987, but where rights by direct appeal have not been exhausted. In the absence of a ruling by the Arizona Supreme Court, we hold that *Phillips* does not apply to these cases—commonly referred to as those appeals in the "pipeline" on February 26, 1987. As explained hereafter, the ruling in *Phillips* has at its core a new procedure for plea taking, and as with all new rules, it should have a clear date as to when it commences.

■ There is no constitutional requirement that a judicial decision announcing a new rule be applied prospectively or retroactively. *State v. Gerlaugh*, 144 Ariz. 449, 698 P.2d 694 (1985). To determine whether a judicial decision should be applied retroactively or prospectively, a court must consider: (a) the purpose to be served by the new standards; (b) the extent of reliance upon the old standards; and (c) the effect on the administration of justice of a retroactive application of the new standards. *State v. Gerlaugh*, 144 Ariz. at 456, 698 P.2d at 701; *State v. Dosztal*, 144 Ariz. 242, 697 P.2d 325 (1985). In *State v. Maloney*, 105 Ariz. 348, 358, 464 P.2d 793, 799 (1970), the supreme court held that:

> Each constitutional rule of criminal procedure has its own distinct functions, its own background of precedent, and its own impact on the administration of justice, and the way in which these factors combine must inevitably vary with the dictate involved. Accordingly, ... we must determine retroactivity in each case by looking to the peculiar traits of the specific rule in question.

■ Appellate courts are reluctant to give retroactive application to criminal decisions. In *State v. Hooper*, 145 Ariz. 538, 703 P.2d 482 (1985), the Arizona Supreme Court stated:

> We are reluctant to apply a constitutional rule of criminal procedure retroactively as '[t]o characterize a past proceeding as unconstitutional and therefore void reflects seriously on the integrity of the law, ... weakens the confidence of those who trusted in the existence and validity of the rule and undermines the doctrine of the finality of prior determinations.' *State v. Ray*, 114 Ariz. 380, 383, 560 P.2d 1287, 1290 (1977).

*Hooper*, 145 Ariz. at 546, 703 P.2d at 490. Retroactive application of a ruling is justified only if it affects the integrity of the fact-finding process and there is a clear danger of convicting the innocent. *State v. Smith*, 112 Ariz. 321, 541 P.2d 918 (1975). *See also State v. Dosztal*, 144 Ariz. 242, 697 P.2d 325. "The judiciary could not function if there was never any finality to decisions." *State ex rel. Collins v. Superior Court*, 132 Ariz. 180, 190, 644 P.2d 1266, 1276 (1982).

■ Prior to *Phillips*, the requirement that a defendant pay restitution to the victim was an accepted element of most criminal plea agreements, particularly after the statute was amended in 1984 to make full restitution mandatory. *See* A.R.S. § 13-603 and its predecessors. Whether a defendant knew the specific amount of restitution prior to his plea was not considered as affecting the voluntariness of his plea. However, *Phillips* established a new standard of voluntariness. Under *Phillips*, merely knowing that restitution will be required in some amount is insufficient to sustain a plea of guilty; a specific sum or upper limit must be known by the defendant before the plea will be considered voluntary.

Applying the three-part formula described earlier, we look to the purpose of the ruling in *Phillips*, which is to insure that a defendant knows what he owes to the victim before he voluntarily agrees to pay it. If he is unwilling to accept the restitutionary amount proposed by the state, he may choose the alternative of going to trial on the original charges and, if found guilty, paying restitution in the full amount thereafter determined by the trial court. This means that unless charges are dismissed or he is acquitted, the defendant will pay restitution in the

full amount, one way or the other. *Phillips* does not protect a defendant from paying the amount of restitution he must otherwise pay. Therefore, the rights of defendants protected by a retroactive application would be minimal compared to the relatively high cost to the state if pleas were reversed by retroactive application. This latter point deserves some elaboration. Usually an appellate court will not reach a case on appeal until many months after the matter has progressed through the trial court. If on appeal a plea agreement is set aside because the defendant did not know the amount of restitution, the state must be prepared to reassemble its witnesses and the evidence, a sometimes difficult task which occasionally becomes impossible.

The second element of the formula mentioned earlier is the extent of reliance upon the "old" standard existing before *Phillips*. Suffice it to say that until *Phillips*, plea agreements seldom, if ever, stated the amount of restitution. Trial courts consistently accepted pleas without specific amounts of restitution and thereafter, at the time of sentencing, ordered the defendant to pay a specific amount. In fact, the amount or range of restitution is often unknown until a presentence investigation has been conducted, a procedure which does not occur until after a plea is entered. See rule 26.4(a), Arizona Rules of Criminal Procedure.

The third element of the formula is the effect a retroactive application would have upon the administration of justice. The prospect of setting aside numerous convictions and sentences and starting the judicial process all over again in order to establish the correct amount of restitution in advance of a guilty plea is strong support for rejecting retroactive application of *Phillips*. It is a valid reason to apply *Phillips* only to pleas accepted after February 26, 1987.

Applying the formula established by our supreme court for determining whether a decision is to be applied retroactively or prospectively, and balancing the benefits derived against the burdens encountered, we conclude that even limited retroactivity to the new rule should be rejected. Therefore, *Phillips* does not apply to any case pending on appeal on February 26, 1987, where the plea was accepted prior to that date.

## CASES RELATING TO RETROACTIVITY

There is ample Arizona precedent for applying *Phillips* prospectively only. The *Escobedo* and *Miranda* decisions were held not to apply to an Arizona case tried and decided prior to those decisions. *State v. Hudgens*, 102 Ariz. 1, 423 P.2d 90 (1967). Likewise, a decision that a bifurcated trial provision involving the insanity defense was unconstitutional was not applied to a case on appeal tried before the decision. *State v. Shannon*, 106 Ariz. 447, 478 P.2d 71 (1970); *State ex rel. Berger v. Superior Court*, 106 Ariz. 365, 476 P.2d 666 (1970). The right to counsel at a preliminary hearing established by the United States Supreme Court in *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), did not apply to an Arizona case tried prior to *Coleman*. *State v. Riley*, 106 Ariz. 318, 475 P.2d 932 (1970).

Cases decided after *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), struggled with the same problem. The Arizona Supreme Court held in an appeal decided after *Boykin* that *Boykin* would not apply since the plea was accepted prior to *Boykin* and the latter was prospective only. *State v. Endreson*, 108 Ariz. 366, 498 P.2d 454 (1972); *see also State v. Adcox*, 108 Ariz. 603, 503 P.2d 945 (1972); *State v. Taylor*, 109 Ariz. 140, 506 P.2d 1034 (1973).

In *State v. Crowley*, 111 Ariz. 308, 528 P.2d 834 (1974), the Arizona Supreme Court held that due process requires that a trial court make a record, similar to that required by *Boykin*, when the case is to be decided on the preliminary hearing transcript. Later the court said *Crowley* would not apply to a submission made before the decision because the integrity of the fact-finding process was not violated in any way and there was no danger of convicting an

innocent person. *State v. Smith,* 112 Ariz. 321, 541 P.2d 918.

Even closer to the present case is the decision of the Arizona Supreme Court in *State v. Stenrud,* 113 Ariz. 327, 553 P.2d 1201 (1976). In *Stenrud,* the court refused to give retroactive effect to its earlier decision in *State v. Rios,* 113 Ariz. 30, 545 P.3d 954 (1976) (holding that a plea cannot be considered "intelligently" made as required by *Boykin* where there is no evidence that the defendant was provided information required to be disclosed to him by rule 17.2, Arizona Rules of Criminal Procedure.) In *Rios,* the defendant was not given information concerning special punishment conditions. The court pointed out that its decision in *Rios* would apply only to pleas accepted after the date it was filed:

> While the purpose of the constitutional rule enunciated in *[Rios]* is to enhance the intelligence of a defendant's plea, significant protections designed to insure that goal existed prior to the decision and were afforded the defendant in this case.... In addition, it is highly probable that many pleas accepted and convictions affirmed in reliance on the prior authority would have to be reviewed if *Rios* were held to be retroactive and that would have a disrupting effect upon the administration of justice.

*Stenrud,* 113 Ariz. at 327, 329, 553 P.2d at 1202, 1204. *See also, State v. Drozd,* 116 Ariz. 330, 569 P.2d 272 (App.1977).

This court in *State v. Ray,* 114 Ariz. 380, 560 P.2d 1287 (App.1977) reviewed the three-part formula for retroactive application summarized in *State v. Stenrud.* The question in *Ray* was the effect to be given the recently decided United States Supreme Court decision in *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). *Henderson* involved the issue of whether a defendant should be specifically advised of all the elements of an offense. We held that *Henderson* applied prospectively only to plea proceedings occurring after the date it was filed:

> Applying these standards to the case at hand, considering the overwhelming reliance by the Arizona courts on the well-established Arizona rule which did not require an enumeration of the legal elements of the crime charged, and the obvious effect which retroactive application of such a rule would have on the administration of justice, we hold that even if *Henderson v. Morgan* is read to impose a rule requiring such an enumeration, this rule should not be applied to plea proceedings which occurred prior to the date of that decision, June 17, 1976.

*State v. Ray,* 114 Ariz. at 383, 560 P.2d at 1290. The Arizona Supreme Court agreed with this resolution in *State v. Henry,* 114 Ariz. 494, 497, 562 P.2d 374, 377 (1977).

Certain cases have required careful line-drawing in deciding to what extent a previous decision will be given retroactive effect. *State ex rel. Collins v. Superior Court,* 132 Ariz. 180, 644 P.2d 1266 (1982), involving the admissibility of testimony from witnesses who had undergone hypnosis, is such a case. The Arizona Supreme Court held the new rule to be prospective only, but nevertheless made it retroactive to a limited class of cases. The issue of restitution, unlike the use of testimony potentially tainted by hypnosis, presents no compelling judicial reason for assigning a retroactive effect to *State v. Phillips.*

In another case, a new standard for legal representation and effectiveness of counsel was announced by the Arizona Supreme Court in *State v. Watson,* 134 Ariz. 1, 653 P.2d 351 (decided October 18, 1982). The new standard was later held to apply prospectively to "cases tried after October 18, 1982, as well as to cases pending on appeal as of that date." *State v. Nunez,* 135 Ariz. 257, 660 P.2d 858 (1983). *Nunez* apparently supports the argument that *Phillips* should be applied to all cases pending on appeal as of the date *Phillips* was filed *as well as* to later appeals involving pleas accepted prior to *Phillips.* Yet, as illustrated, there is no one rule automatically applied by the supreme court to all cases. *Watson* involved effectiveness of counsel. *Phillips* involves restitution. This difference justifies the application of a different rule. Because reliance upon prior procedures and the effect upon the administra-

tion of justice loom large in the issue before us and since guilt or innocence is not at stake, we do not think pleas accepted prior to *Phillips* should be set aside, even though an appeal may have been pending when *Phillips* was decided.

*State v. LeMaster,* 137 Ariz. 159, 669 P.2d 592 (App.1983) and *State v. Swainston,* 139 Ariz. 95, 676 P.2d 1153 (App.1984) decided after *Nunez,* held that a new rule, relating to sentencing in absentia, applied to cases pending on appeal when the new rule was announced. Again, we contrast sentencing in absentia to restitution and conclude that *LeMaster* and *Swainston* do not control.

In a recent case, the Arizona Supreme Court did not give retroactive effect to a new rule relating to waiver of the right to jury trial. *State v. Dosztal,* 144 Ariz. 242, 697 P.2d 325 (1985). Again, the court emphasized its reluctance to apply a ruling retroactively because doing so would reflect seriously on the integrity of the law and undermine the doctrine of finality of prior decisions.

Finally, the Arizona Supreme Court, in two recent decisions involving due process issues, held that its decisions were to apply prospectively only to arrests occurring after the mandate issued. *Montano v. Superior Court,* 149 Ariz. 385, 719 P.2d 271, (1986); *Hinson v. Coulter,* 150 Ariz. 306, 723 P.2d 655 (1986). *Montano* involved a defendant's right to an independent chemical test following his arrest for DWI. *Hinson* involved a defendant's right to speedy trial in DWI cases. The new rule of restitution established in *State v. Phillips* presents no stronger argument for retroactivity than either *Montano* or *Hinson.*

In conclusion, we hold that the decision in *State v. Phillips,* 152 Ariz. 533, 733 P.2d 1116 (1987), is to be applied prospectively to pleas accepted after February 26, 1987. The plea in this case was accepted on December 10, 1986. Therefore, appellant's contention that his guilty plea should be set aside because he was not advised of the amount of restitution is without merit. The judgment of guilt and sentence are affirmed.

HAIRE, C.J., and EUBANK, J., concur.