STATE of Minnesota, Respondent,

v.

Richard J. KENNEDY, petitioner, Appellant.

No. 82–188.

Supreme Court of Minnesota.

Dec. 10, 1982.

**4**

Lommen, Nelson, Sullivan & Cole, Phillip A. Cole and Daniel J. Buivid, Jr., Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Thomas A. Weist, Rick Osborne, Asst. County Attys., and Beverly J. Wolfe, Law Clerk, Minneapolis, for respondent.

PETERSON, Justice.

This is an appeal by a criminal defendant from a postconviction order of the district court interpreting a condition of probation requiring that defendant pay restitution based on the losses of all the victims of his underlying criminal scheme, not just the victims named in the counts to which defendant pleaded guilty. We affirm.

Defendant was charged in January of 1978 with 32 felony counts of theft and securities law violations resulting from his participation in a land and securities swindle that bilked 724 individuals of a large amount of money in a total of 437 individual transactions. The 32 counts involved only 26 of the 724 victims. In May of 1978, following negotiations by his attorney and the prosecutor, defendant pleaded guilty to three of those counts, involving 24 of the 26 victims mentioned in the various counts. At the time he entered his plea, the plea agreement was placed on the record. Specifically, it appears that in exchange for defendant's guilty pleas, the state agreed to dismiss the 29 remaining counts and agreed not to charge defendant in connection with

the defrauding of the other victims. The state also agreed to recommend concurrent 5-year prison terms, with execution of sentence stayed and defendant placed on probation for 5 years, probation being conditioned upon, among other things, defendant serving 1 year in the workhouse, making restitution, and providing the court with relevant financial documents.

Although the record made at the time the pleas were entered does not indicate what the parties contemplated when they used the word "restitution," it became clear at the sentencing hearing that what was contemplated was reasonable restitution based not just on the losses of the parties named in the three counts but on the losses of all the victims of defendant's criminal scheme.

Three years later, in December of 1981, a hearing was held on defendant's proposal that he be put on unsupervised probation and be allowed to pay $15,000 in full satisfaction of his obligation to make restitution. In connection with the hearing, defendant's attorney argued that the maximum that petitioner could be forced to pay was $23,100, the amount he says was actually lost by the victims of the three charges to which defendant pleaded guilty. The state, however, contended that the amount of restitution should be based on the losses of all the victims of the underlying criminal scheme, not just those named in the three counts to which defendant pleaded guilty.

The trial court agreed with the state's interpretation of the plea agreement and ordered defendant to "continue on active probation and pay reasonable restitution as determined by the Department of Court Services, based on losses of all victims of defendant's Minnesota activities."

We affirm the trial court's order. Although the record made at the time defendant entered his guilty pleas did not make it clear what the parties meant the scope of restitution to be, the record made at the time of the sentencing hearing establishes that the parties contemplated that restitution would be based on the losses of all the victims of the underlying criminal scheme. If defendant had had any objection to this,

then defendant should have stated it at that time. Then the matter could have been resolved to defendant's satisfaction or, if not, defendant· could have withdrawn his guilty pleas and stood trial. However, it seems clear to us, as it did to the trial court, that in fact defendant had no objection to the state's interpretation of the plea agreement and that it in fact was consistent with defendant's understanding of the agreement.

It arguably might be a different matter if the defendant had gone to trial and been acquitted of all but the three charges, or if at the time he entered his pleas defendant had specifically denied bilking anyone other than the victims named in the three counts. *Cf. State v. Womack,* 319 N.W.2d 17 (Minn. 1982). But in this case the trial court determined that defendant had agreed in connection with the plea agreement that one of the conditions of his probation would be that he would make reasonable restitution based on the losses of all the victims.

Defendant's argument that the court will be requiring him to make restitution in an amount that he is unable to pay raises an issue that has not ripened yet, since the amount has not yet been determined.

Defendant makes two arguments in support of his claim that he is being denied due process. One is that he is being required to make restitution based on the losses of all the victims when he did not agree to this. We have already addressed the issue whether there was an agreement. The other argument is that defendant is going to be required to make restitution based on the losses of all the victims without being given an opportunity to be heard on the issue of what amount is appropriate. This latter argument is premature, since the amount has not been determined. The state concedes that once the amount has been determined, defendant can challenge it by motion in the trial court or by refusing to pay the amount, thereby putting the state to its burden of proof at a probation revocation hearing.

Affirmed.