729 P.2d 306
**STATE of Arizona, Appellee,**

v.

**Cindy Lee LUKENS, Appellant.**

**No. CR–86–0180–PR.**

Supreme Court of Arizona,
En Banc.

Nov. 20, 1986.

Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Criminal Div., Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender, Carol Carrigan, Deputy Maricopa Co. Public Defender, Phoenix, for appellant.

GORDON, Vice Chief Justice.

Appellant Cindy Lee Lukens was an accomplice in a December 1984 burglary and theft of a coin collection, jewelry, cable television converter, and various food, liquor, and other miscellaneous items. Lukens personally benefitted $100 from the burglary and theft. She was charged with committing second degree burglary in violation of A.R.S. §§ 13–1507, –1501, –701, –702, –801, and –604.01, and theft in violation of A.R.S. §§ 13–1802, –1801, –701, –702, –801, and –604.01. Both counts were class three felonies.

Pursuant to a plea agreement, appellant pled guilty to a reduced charge of theft of property or services with a value of one hundred dollars or more but less than two hundred fifty dollars. *See* A.R.S. § 13–1802(C). In exchange, the state dismissed the burglary charge. The trial court found appellant guilty, and pursuant to the plea agreement, placed her on probation for three years. Her probation was conditioned on her making restitution of $9,132.65 to the victim by paying $50.00 per month for twelve months, $100.00 per month over the following seventeen months, and a balloon payment of the remaining balance due May 30, 1988.

Appellant contended that imposing restitution of $9,132.65 contradicted terms of the plea agreement. She also argued that the trial court failed to consider her economic circumstances before imposing resti-

tution. The court of appeals disagreed with appellant's arguments and affirmed the trial court's decision.

Pursuant to 17 A.R.S. Rules of Crim. Proc., Rule 31.19, we granted appellant's petition for review of the following two issues:

I. In the absence of an express consent to such restitution, was it an abuse of discretion for the trial court to order restitution in an amount exceeding $9,000 on a class six felony theft plea?

II. When ordering the amount of restitution, must the trial court consider economic circumstances of the convicted person?

## AMOUNT OF RESTITUTION

In *State v. Cutler*, 121 Ariz. 328, 590 P.2d 444 (1979), we said:

A plea of guilty is more than a confession, it is itself a conviction[,] and must, therefore, be in *"every respect voluntary."* A judge may not accept a defendant's plea without first ascertaining that it is voluntary and intelligently made. Because a defendant waives certain constitutionally protected rights by pleading guilty, the plea itself must be tantamount to a voluntary and intelligently made waiver of those rights, or it is invalid under the due process clause of the Fourteenth Amendment.

For a plea to be intelligently made, a defendant must thoroughly understand its consequences. Moreover, in order for a plea to be deemed voluntary, the defendant must be aware of its ramifications and must be apprised of the range of sentence that he could face and of the rights he will forfeit. Therefore, if the defendant does not have a proper understanding of what can happen as a result of his plea, it is not voluntarily made and is void.

*Id.* at 329–30, 590 P.2d at 445–46 (emphasis in original; citations omitted).

■ From our review of applicable statutes and the record, we cannot conclude that appellant voluntarily and intelligently agreed to pay restitution of $9,132.65. The plea agreement states: "Restitution of economic loss to the victim ... will be required. .... The parties stipulate to the following additional terms: ... Probation with all terms and conditions left up to the court." A.R.S. § 13–603(C) provides: "If a person is convicted of an offense, the court shall require the convicted person to make restitution ... in the full amount of the economic loss as determined by the court...."[1] Appellant thus should have been aware that she would be required to pay restitution. However, she could reasonably, though perhaps erroneously, have assumed that the "economic loss" would be limited to $249, the statutory cap on the only crime to which she pled guilty and was convicted. The only mention of restitution in a higher amount was in the presentencing report, which recommended that appellant "pay restitution in the total amount of $9,132.65 per the attached ledger sheet." Yet, in discussing possible sentences at the Change of Plea Proceeding, the trial judge said:

THE COURT: Now, being a Class 6 felony, the offense carries a presumptive sentence of one and one-half years with the Department of Corrections.

The Court [could] sentence you to a minimum sentence of nine months with the Department of Corrections or a maximum sentence of 1.875 years with the Department of Corrections. In addition, the Court could fine you up to $150,000 plus a 37–percent surcharge. Or being a non-dangerous offense, the Court could place you on probation under the terms and conditions, which could include one year in the Maricopa jail.

That is the range of sentencing available to the Court by reason of your plea. Is that clear to you?

---

**1.** In 1986 the Arizona legislature substantially amended statutory provisions relating to imposition and collection of restitution by victims of criminal offenses. *See* Laws 1986, ch. 248, effective August 13, 1986. We express no opinion on how this case would be resolved under the current statutes.

DEFENDANT LUKENS: Yes.

Thus, despite the recommendation in the presentence report, the trial judge did not include restitution for any amount in "the range of sentencing available to the Court." Appellant could reasonably have concluded that no restitution, much less $9,132.65, would be ordered.

The court of appeals, relying on *State v. Pleasant*, 145 Ariz. 307, 701 P.2d 15 (App. 1985), held that Lukens could properly be ordered to pay restitution of $9,132.65 because she admitted during the change of plea proceeding that she was an accomplice to a burglary and theft for which restitution of $9,132.65 could properly be ordered. It quoted the following discussion from the Change of Plea Proceeding:

> THE COURT: We will need a factual basis for your plea. What did you do that brings about your plea of guilty to the charge of Theft in Count II? What was your conduct?
>
> DEFENDANT LUKENS: We entered a house.
>
> THE COURT: Who is "we"?
>
> DEFENDANT LUKENS: Myself and three other people.
>
> THE COURT: And what happened?
>
> DEFENDANT LUKENS: And we just—we didn't stay there very long. We left. They went back later, and we waited for them, and they took a bunch of things.
>
> THE COURT: What was your intent when you first entered the house? Why were you going in the house? What did you do in the house?
>
> DEFENDANT LUKENS: Nothing. It wasn't our intention. It was the boys'— the guys' intention.
>
> THE COURT: They were going to steal something?
>
> DEFENDANT LUKENS: Yes.
>
> THE COURT: But you went in the house with them?
>
> DEFENDANT LUKENS: Yeah.
>
> THE COURT: And you knew they were going to steal?
>
> DEFENDANT LUKENS: Yes.
>
> THE COURT: And you left and you came back?
>
> DEFENDANT LUKENS: Yeah. And then we waited for them.
>
> THE COURT: They saw something they wanted and they went and got it?
>
> DEFENDANT LUKENS: I guess. There was a filing cabinet that they wanted to get into.
>
> THE COURT: And they came back out with merchandize [sic] or articles?
>
> DEFENDANT LUKENS: Yeah.
>
> THE COURT: And you all drove off?
>
> DEFENDANT LUKENS: Yes.
>
> THE COURT: And that was on or about—
>
> MR. HARRIS: December 7th 1984.
>
> DEFENDANT LUKENS: Yes.
>
> THE COURT: And that was here in Maricopa County?
>
> DEFENDANT LUKENS: Yes.
>
> THE COURT: They came back with a Krugerrand and some gold coins?
>
> DEFENDANT LUKENS: Yes, that's what they found in the cabinet.
>
> THE COURT: And T.V. converter and other miscellaneous items; is that right?
>
> DEFENDANT LUKENS: Yes.
>
> THE COURT: Does the County Attorney have anything further?
>
> MR. DONOFRIO: Did you share in any of that?
>
> DEFENDANT LUKENS: No.
>
> MR. DONOFRIO: You didn't have any of the proceeds?
>
> DEFENDANT LUKENS: $100.
>
> MR. DONOFRIO: You did get $100?
>
> DEFENDANT LUKENS: I did. From Curt, yeah.
>
> MR. DONOFRIO: The state has nothing further.

The above colloquy establishes that appellant voluntarily and intelligently admitted liability for being an accomplice to a burglary and theft. A voluntary and intelligent admission of liability alone, however, is insufficient if not also "done with *sufficient awareness of the* relevant circumstances and *likely consequences.*" *Brady v. United States*, 397 U.S. 742, 748, 90

S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970) (emphasis added; footnote omitted). *See also id.* at 801, 90 S.Ct. at 1475 (Brennan, J., concurring) ("full understanding and appreciation of the consequences"); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Geiger,* 113 Ariz. 297, 552 P.2d 1191 (1976); *State v. Linsner,* 105 Ariz. 488, 467 P.2d 238 (1970).

█ As already discussed, the applicable statutes and the record paint an unclear picture on the amount of restitution that appellant reasonably thought could be imposed. We hold that a defendant cannot be required to pay restitution in an amount exceeding statutorily-prescribed monetary parameters of the crime to which he pleads guilty unless he voluntarily and intelligently agrees to pay a higher amount. The record must clearly reveal that any agreement to pay a higher amount was voluntarily and intelligently made. Such an agreement may be found when 1) a specific dollar amount of restitution is set forth in the plea agreement, 2) a defendant states in court that he agrees to pay a specific dollar amount of restitution, or 3) the defendant pleads guilty after being warned by the trial judge that a specific dollar amount of restitution may be ordered. Only if one of these three statements are found in the record will we conclude that a defendant voluntarily and intelligently agreed to pay restitution in an amount exceeding statutorily-prescribed monetary parameters of the crime to which he pled guilty.

The record does not indicate that appellant voluntarily and intelligently agreed to pay restitution of $9,132.65. Therefore, the trial court erred in imposing restitution of $9,132.65 as a condition of her probation. Thus, we vacate the judgment and sentence and remand the matter for proceedings before the trial court where the appellant will be given an opportunity to withdraw her guilty plea to the plea agreement if she so desires.[2]

HOLOHAN, C.J., and HAYS, CAMERON, and FELDMAN, JJ., concur.

---

2. Our manner of resolving appellant's first issue renders resolution of her second issue unnecessary.