756 P.2d 319

**STATE of Arizona, Appellee,**

v.

**Kevin Neil DAMPIER, Appellant.**

**No. 1 CA–CR 10905.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 24, 1987.

Supplemental Opinion on Grant of Reconsideration March 1, 1988.

Review Denied July 6, 1988.

---

Robert K. Corbin, Atty. Gen. by John B. Barkley and Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

This case presents restitution questions for disposition in the aftermath of our supreme court's decisions in *State v. Lukens*, 151 Ariz. 502, 729 P.2d 306 (1986), and *State v. Phillips*, 152 Ariz. 533, 733 P.2d 1116 (1987). In *Lukens* and *Phillips* the supreme court found that the defendants had not been advised of their restitution obligation with adequate specificity at the time they entered plea agreements; the court set aside their sentences and directed that they be given the opportunity upon remand to withdraw from their plea agreements if they chose to do so. The relevant facts of this case are virtually identical to those in *Phillips*. The state, however, urges us to affirm the defendant's conviction on grounds not expressly rejected in *Phillips*. Alternatively, it urges us to devise a course upon remand other than to permit the defendant to withdraw his plea.

We conclude that we must reject the state's suggestions and dispose of this case in the manner adopted by the supreme court.

On August 7, 1986, defendant/appellant pled no contest to the charge of attempted aggravated assault, a class 4 felony. After reviewing the factual basis of the plea agreement and determining that it had been knowingly, intelligently, and voluntarily entered, the trial court accepted the defendant's plea. On November 14, 1986, the trial court judged the defendant guilty in accordance with his plea and sentenced

him to the presumptive four year prison term with credit for pre-sentence time served. The court ordered the defendant to pay his victim $39,341.18 in restitution at a monthly rate of $200, commencing on the first day of the fourth month following defendant's release from custody. The court also imposed a $100 felony assessment pursuant to A.R.S. § 13–808.

In the process of accepting the defendant's plea, the court neither advised him of the precise amount of his restitution liability nor of the approximate monetary range in which it fell. Nor was this information provided in the plea agreement. Nor did the defendant state in court that he would pay a specific amount of restitution or restitution within a certain monetary range. Defendant now argues pursuant to *Lukens* and *Phillips* that, as a consequence of these omissions, his plea was neither knowingly nor intelligently made.

In *Lukens*, the defendant pled guilty to a reduced charge of theft of property or services with a value of $100 or more but less than $250. The trial court sentenced the defendant in accordance with her plea agreement, but imposed restitution of $9,132.65. The supreme court held:

> a defendant cannot be required to pay restitution in an amount exceeding statutorily-prescribed monetary parameters of the crime to which he pleads guilty unless he voluntarily and intelligently agrees to pay a higher amount.... Such an agreement may be found when 1) a specific dollar amount of restitution is set forth in the plea agreement, 2) a defendant states in court that he agrees to pay a specific dollar amount of restitution, or 3) the defendant pleads guilty after being warned by the trial judge that a specific dollar amount of restitution may be ordered.

151 Ariz. at 505, 729 P.2d at 309. In *Lukens*, as in this case, the defendant was advised that she was subject to a fine of up to $150,000 plus a 37% surcharge. However, the supreme court reversed her conviction without discussing or attributing

significance to defendant's awareness of the possibility of a fine.

In *State v. Phillips*, the supreme court rejected the state's argument that *Lukens* should be limited in application to cases in which defendants were ordered to pay restitution in an amount exceeding the statutory monetary parameters of the crimes to which they pled. Phillips had pled guilty to leaving the scene of an accident involving personal injury, a crime without monetary parameters. The court held:

> As in *Lukens*, we will conclude that appellant thoroughly understood the consequences of his agreement to pay restitution *only if the record contains at least one of the following:* (1) a statement in the plea agreement setting forth a specific dollar amount of restitution; (2) a statement by the defendant indicating agreement to pay a specific dollar amount of restitution; or (3) a warning by the trial judge prior to accepting the defendant's plea that he can order restitution of a specific dollar amount.

152 Ariz. at 535, 733 P.2d at 1118 (emphasis added). The court added, however, that the defendant could either be advised of the specific dollar amount "with particularity ... or in an open-ended manner ( ... up to $7,000....)" *Id.*, n. 2. Finding none of these provisions in the record, the court vacated the judgment and sentence of the trial court and extended the defendant the opportunity to withdraw his guilty plea if he wished to do so.

In the present case, as in *Phillips*, the crime to which defendant pled had no statutory monetary parameters. In the present case, as in *Lukens* and *Phillips*, the record lacks any of the three enumerated types of statement from which the court could conclude that the defendant adequately understood the consequences of his agreement to pay restitution. We turn to the state's position that, despite these similarities, there is a basis for a disposition in this case different from the disposition in *Lukens* and *Phillips*.[1]

---

1. The parties do not dispute that the law as stated in *Lukens* and *Phillips* is applicable to this case. No issue of the prospective or retroactive application of those decisions arises.

The state first proffers a basis for affirmance in the defendant's awareness of the possibility of a fine. The trial court advised defendant in the course of accepting his plea that he might be fined up to $150,000 plus a 37% surcharge. We understand the state to argue that, because A.R.S. § 13–804(A) would have permitted a portion of any fine to be allocated toward restitution,[2] defendant's awareness of the possibility of a fine should be regarded as awareness of an upper limit to restitution, thereby rendering his agreement to pay restitution adequately voluntary and intelligent. We reject this argument for several reasons. First, the court ordered restitution as such pursuant to A.R.S. § 13–603, not as a fine pursuant to A.R.S. § 13–804(A). Second, the supreme court listed three types of record statements from which an understanding of the consequences of an agreement to pay restitution could be found. A defendant's awareness of the possibility of a $150,000 fine was not among them. Finally, we note that the defendant was aware of her fine exposure in *Lukens*. Although the supreme court did not discuss that fact, neither did the court adopt it as a basis to avoid setting aside the defendant's sentence and conviction. For all of these reasons, we do not find an appropriate basis for distinction in the defendant's awareness of his susceptibility to a fine.

We next consider the state's suggestion that, if we must reverse due to defendant's inadequate awareness of his restitution obligation, we should limit our reversal to the restitution portion of the sentence and amend the sentence to exclude it. We sense the wellspring of the state's concern. If defendants are extended the opportunity to withdraw from plea agreements in all cases remanded under *Phillips* and *Luk-*

*ens*, time will have dissipated the state's evidence in some of those cases, and the state may be unable to marshall sufficient evidence to support the original charges upon their reinstatement. To simply modify the sentence by striking restitution, as the state suggests, would alleviate this problem. The defendant, having no unanticipated restitution to complain of, could not withdraw his plea. Rather, the state would have the option, after considering its evidence, to accept the modified sentence and forego restitution or to move to set the modified sentence aside and reinstate the original charges.

The fly in this ointment is that the modified sentence proposed by the state would be an unlawful sentence. A.R.S. § 13–603 requires that a convicted person pay restitution to his victim. That restitution is not the state's to forego. Just as the trial court cannot appropriately ignore the obligation to award appropriate restitution, neither can the court of appeals.

We have concluded that the defendant's awareness of his susceptibility to a $150,000 fine provides no basis for affirmance, since no fine was imposed. We have also determined that we cannot simply strike the restitution order and permit the trial court to let the remainder of its sentence stand with no provision for restitution. The state's two suggested courses combine, however, to suggest a third, which, if proper, would serve to avoid a large scale setting-aside of pleas. We might vacate the sentence, but not determine automatically that the trial court must extend the defendant the opportunity to withdraw his plea. Instead, pursuant to A.R.S. § 13–4036[3] and Rule 31.17(b), Arizona Rules of Criminal Procedure,[4] we might

---

**2.** A.R.S. § 13–804(A) provides: Upon a defendant's conviction for an offense causing economic loss to any person, the court, in its sole discretion, may order that all or any portion of the fine imposed be allocated as restitution to be paid by the defendant to any person who suffered an economic loss as caused by the defendant's conduct.

**3.** A.R.S. § 13–4036 provides: The supreme court may reverse, affirm or modify the judgment

appealed from, and may grant a new trial or render any judgment or make any order which is consistent with the justice and the rights of the state and the defendant. On an appeal from an order made after judgment, it may set aside, affirm or modify the order or any proceeding subsequent to or dependent upon such order.

**4.** Rule 31.17(b) provides: The Appellate Court may reverse, affirm, or modify the action of the

direct the trial court upon remand to consider the possibility of resentencing defendant and of including within its new sentence a fine allocated toward restitution as permitted by A.R.S. § 13–804(A). Such a sentence would satisfy the requirement of A.R.S. § 13–603 that a convicted person be ordered to pay restitution to his victim. We are uncertain, however, whether such a sentence would comport with the requirements of *Lukens* and *Phillips*. The question arises whether a defendant's awareness of his susceptibility to a $150,000 fine adequately alerts him to the possibility of a significantly lesser fine allocated toward restitution or whether, in the fine-for-restitution context as in the pure restitution context, the record must reflect the defendant's awareness of the approximate level of the restitution he must pay. The supreme court was not confronted with that question in *Lukens* or *Phillips*. We note, however, that at least in *Lukens* the court had the dispositional option of permitting the trial court upon remand to cover restitution through a fine. The supreme court did not adopt this course. Whether it did not do so because it was not asked to do so or because it deemed such a disposition inappropriate, we decline to speculate. We conclude, however, that, because such a disposition varies markedly from that in *Phillips* and *Lukens*, it would be an inappropriate course for this court to take.

Accordingly, finding no grounds for distinction of this case from *Phillips* and finding no appropriate basis for a different disposition, we vacate the judgment and sentence of the trial court and remand the matter for proceedings before the trial court, where defendant shall be given an opportunity to withdraw his no contest plea. *Phillips*, 152 Ariz. at 535, 733 P.2d at 1118. In the event that the defendant chooses to withdraw his plea, the court shall reinstate the original charges.

CONTRERAS, P.J., and GREER, J., concur.

lower court and issue any necessary and appro-

## SUPPLEMENTAL OPINION

FIDEL, Judge.

In our initial opinion, we applied *State v. Lukens*, 151 Ariz. 502, 729 P.2d 306 (1986), and *State v. Phillips*, 152 Ariz. 533, 733 P.2d 1116 (1987), in evaluating the voluntariness of a plea agreement entered on August 7, 1986, before the issuance of decision in either of those cases. By motion for reconsideration, the state has urged that *Lukens* and *Phillips* be confined in application to plea agreements entered after those cases were decided. In support of its argument, the state cites *State v. Adams*, 156 Ariz. 88, 750 P.2d 31 (App. 1987), a decision issued by another panel of this court contemporaneously with our decision in this case.

■ Thereafter, however, the Arizona Supreme Court issued its decision in *State v. Crowder*, 155 Ariz. 477, 747 P.2d 1176 (1987). Though the *Crowder* plea agreement was entered on June 24, 1986, before the issuance of *Lukens* or *Phillips*, the Supreme Court held *Phillips* applicable "[b]ecause Crowder's appeal was pending on [the date that *Phillips* was issued]." *Crowder*, at 479, 747 P.2d at 1178, citing *State v. LeMaster*, 137 Ariz. 159, 669 P.2d 592 (App.1983). The state sought reconsideration of *Crowder*, asking the Supreme Court to limit *Lukens* and *Phillips* to prospective application in accordance with *Adams*. On February 2, 1988, the Supreme Court denied the state's motion for reconsideration. Thus, the Supreme Court has tacitly rejected the *Adams* prospectivity determination. Pursuant to *Crowder*, we reaffirm our decision that *Lukens* and *Phillips* apply to Mr. Dampier's plea.

■ This, however, does not conclude our reconsideration. Our initial opinion noted the absence of any statement in the plea agreement or in the transcript of defendant's entry of plea from which we could determine that the defendant had sufficient awareness of his restitution exposure to render his plea agreement voluntary and intelligent. *Crowder*, however, establishes that inquiry is not limited to

priate orders.

these sources, but may extend to the entire record to determine what defendant "knew from any source." *Crowder,* 155 Ariz. at 479, 747 P.2d 1178. *Crowder* further establishes that *Phillips* violations are not properly addressed for the first time on appeal, but rather should be submitted to the trial court by a petition for post-conviction relief. *Crowder,* at 479, 747 P.2d at 1178; *see* Rule 32.1, Arizona Rules of Criminal Procedure.

Accordingly, pursuant to *Crowder,* we retract our initial determination to vacate the judgment and sentence of the trial court. Instead, we affirm the trial court's judgment and sentence, leaving it to the defendant to pursue the restitution issue by petition for post-conviction relief if he so chooses.

Affirmed.

CONTRERAS, P.J., and GREER, J., concur.