755 P.2d 417

**STATE of Arizona, Appellee,**

v.

**Juaquin Juarez GRIJALBA, Appellant.**

**No. CR-87-0324-PR.**

Supreme Court of Arizona,
En Banc.

June 2, 1988.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Phoenix, for appellee.

John R. Chalmers, Safford, for appellant.

HOLOHAN, Justice.

Defendant, Juaquin Juarez Grijalba, pled guilty to one count of attempted second degree burglary. A.R.S. § 13-1001(C)(3). The trial court sentenced him to four years in confinement plus $78.00 in restitution to the victim. Defendant appealed.

Relying on previous opinions of this court, the Court of Appeals vacated the judgment and sentence, and remanded the case to allow the defendant to withdraw the plea. The state petitioned this court for review which we granted. We have jurisdiction pursuant to Ariz. Const. art. 6 § 5(3) and 17 A.R.S. Ariz.R.Crim.P. 31.19.

The state raises the following issue for review:

Should *State v. Lukens*, 151 Ariz. 502, 729 P.2d 306 (1986), and *State v. Phillips*, 152 Ariz. 533, 733 P.2d 1116 (1987),

be overruled or limited to those cases only where the defendant was completely unaware that he was facing any monetary liability?

## FACTS

On December 14, 1986, Douglas police responded to the activation of a burglar alarm at a home in Douglas, Arizona. Upon arrival, they found that an iron window guard had been pried open and a sliding glass window had been broken. Nearby the police found defendant hiding in the oleanders. The defendant was arrested and charged with the crime of second degree burglary, a class 3 felony (A.R.S. § 13–1507), criminal damage to property, a class 6 felony (A.R.S. § 13–1602), and knowingly possessing marijuana, a class 6 felony (A.R.S. § 13–3405). The state and the defendant entered into a plea agreement in which the defendant agreed to plead guilty to one count of attempted second degree burglary.

The plea agreement included the following:

1. That the defendant will receive a sentence no greater than 5 yrs/$150,000 fine plus 37% surcharge and no less than suspended sentence and consistent with the following:
None
2. Special Sentencing Provision:
   a. Defendant in accordance with A.R.S. § 13–808, must pay $100.00 to the Victim Compensation Fund through the office of the Clerk of the Superior Court.
   b. If Defendant's acts, including acts charged in Counts of the Indictment which are to be dismissed pursuant to this plea agreement, have resulted in economic loss to any person, the defendant agrees to make full restitution for the loss.

The defendant entered his plea of guilty on January 26, 1987. No specific amount of restitution was stated, only the general requirement that restitution was to be made.

On February 17, 1987, the defendant was sentenced to four years' imprisonment and ordered to pay restitution of $78.00 to the victim of the crime. No objection to the restitution order was raised at the time of the sentencing. The defendant appealed.

In a memorandum decision, the Court of Appeals vacated the judgment of guilt and sentence, and remanded the case to allow defendant to withdraw from the plea. In reaching its decision, the Court of Appeals noted that by failing to specify the amount of restitution, defendant's guilty plea could not be thoroughly understood and thus not intelligently made. *State v. Lukens*, 151 Ariz. 502, 729 P.2d 306 (1986). Additionally, the court noted that to thoroughly understand the consequences of his plea agreement, a defendant must be made aware of the restitutionary amount which might be imposed. *State v. Phillips*, 152 Ariz. 533, 733 P.2d 1116 (1987).

## DISCUSSION

In *Lukens*, the defendant, pursuant to a plea agreement, pled guilty to a reduced charge of theft of property with a value of less than $250. The trial court in accepting the plea mentioned that the defendant could be fined in the amount of $150,000 plus a 37% surcharge. The trial court did not mention restitution. Nevertheless, the trial court, in placing the defendant on probation for three years, ordered her to pay $9,132.65 in restitution.

In reversing the sentence, we noted that a defendant cannot be required to pay restitution in an amount exceeding the monetary limits of the statute governing the crime to which she pleads guilty unless she agrees to pay a higher amount.

Such an agreement may be found when 1) a specific dollar amount of restitution is set forth in the plea agreement, 2) a defendant states in court that he agrees to pay a specific dollar amount of restitution, or 3) the defendant pleads guilty after being warned by the trial judge that a specific dollar amount of restitution may be ordered. Only if one of these three statements are found in the record will we conclude that a defendant voluntarily and intelligently agreed to

pay restitution in an amount exceeding statutorily-prescribed monetary parameters of the crime to which he pled guilty. 151 Ariz. at 505, 729 P.2d at 309.

In *Phillips*, the defendant pled guilty to the crime of leaving the scene of an accident in which a pedestrian was injured. We stated:

> Although we agree that the trial court could order restitution as a proper condition of appellant's probation, we believe that the trial court erred in imposing restitution of $6,130.65 in light of our recent holding in *State v. Lukens*, [151 Ariz. 502] 729 P.2d 306 (Ariz.1986).
>
> \* \* \* \* \* \*
>
> We do not believe that a defendant can "thoroughly understand" the consequences of his agreement to make restitution if he is unaware of the restitutionary amount that can be imposed. Knowledge that restitution can be ordered for the victim's "full economic loss" is insufficient. The defendant must be aware of the specific dollar amounts of restitution that can be imposed before we will find that the defendant voluntarily and intelligently agreed to pay restitution.

152 Ariz. at 534–535, 733 P.2d at 1117–1118.

Later in *State v. Crowder*, 155 Ariz. 477, 747 P.2d 1176 (1987), we qualified the rule enunciated in *Lukens* and *Phillips*:

> A defendant is to be informed of "any special conditions regarding sentence...." Rule 17.2(b). One can say with relative equanimity that the amount of restitution in *Lukens* and *Phillips* was a relevant circumstance to the decision of the respective defendants to waive jury trial and enter a plea. While we do not confine *Phillips* and *Lukens* to their facts, we believe that only in such unusual cases is the precise amount of restitution relevant to the decision to enter a plea. Clearly, *Lukens* and *Phillips* do not stand for the proposition that every plea is to be vacated if the defendant lacked any bit of information.

*Id.* at 480, 747 P.2d at 1179.

In *Crowder*, in consideration for the state's not seeking the death penalty, the defendant pled guilty to first degree murder. In accepting the plea, the court asked the defendant if he understood that restitution could be required, and the defendant answered "yes." Although no dollar amount was indicated, we stated:

> Thus, this defendant and his counsel should have expected conviction and likely imposition of the death penalty. If death were not imposed, the best that could be hoped for on the first degree murder charge was imprisonment for life without possibility of parole for twenty-five calendar years (*see* A.R.S. § 13-703(A)) and likely consecutive aggravated sentences for the sexual assault and other charges. Given this evaluation of the case, one must conclude that defendant could not refuse any reasonable plea bargain. The deal he made enabled him to avoid the death penalty and resulted, also, in dismissal of the assault charges.
>
> Seen in this context, the question of restitution for financial loss seems quite inconsequential to the decision-making process. Nevertheless, because A.R.S. § 13-603(C) requires that restitution be ordered, provision was made for it in the plea agreement, as defendant was well aware. The only thing he did not know, because it had not yet been computed, was the amount of restitution he would have to pay for funeral bills, medical bills, and loss of property. Given the possible fate that awaited defendant, and the advantageous plea offered, it seems very unlikely that the precise amount of restitution would have been a relevant consideration on defendant's side of the equation.

*Id.* at 481, 747 P.2d at 1180.

Noting that the record on appeal was very sketchy about the issue of whether the amount of restitution was irrelevant, we remanded Crowder's case to the trial court for an evidentiary hearing to determine whether the defendant knew the approximate amount of restitution and, if not, whether it was a relevant and material factor in the defendant's decision to plea.

*Crowder* requires that *Lukens* and *Phillips* be applied to vacate the entire plea in those cases in which the amount of restitution was unknown to the defendant, and it was a relevant and material factor in the defendant's decision to plead. On the other hand, *Crowder* holds that if the amount of restitution was not a relevant and material factor in the decision to plead, then *Lukens* and *Phillips* are applicable only to the restitution provision.

The state urges us to overrule or limit *Lukens* and *Phillips* to cases where the defendant is completely unaware that he is facing any monetary liability. We reject such a position, and we reaffirm the principles set forth in *Lukens* and *Phillips* as modified in *Crowder*.

■ In the present case, the record establishes that the defendant was fully aware of the essential and relevant terms of the plea agreement and its material consequences to him, including the fact that he would have to make restitution in some amount and might be fined over $150,000. The only thing the defendant did not know was the amount of restitution he would have to pay for loss of property, since this had not been computed. Given the possible fate that awaited defendant, and the advantageous plea offered, can we conclude that the amount of restitution would not have been a relevant consideration in defendant's voluntary decision to accept the plea agreement?

■ Assuming that the defendant may not have been told the precise amount of restitution, we believe, and hold that there are instances when an appellate court can conclude from the record that the amount of restitution could not have been a relevant factor in defendant's decision-making process. In such instances the plea will be upheld. The present case is one in which we have no doubt that the amount of restitution in the sum of $78.00 was not a material factor in defendant's voluntary decision to enter into the plea agreement. We hold that the plea agreement must be upheld.

We have reviewed the record for fundamental error according to the mandate of A.R.S. § 13–4035, *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), and find none. The decision of the Court of Appeals is vacated, and the judgment of the superior court is affirmed.

GORDON, ·C.J., and FELDMAN, V.C.J., concur.

CAMERON, Justice, concurring.

I concur in the result. As noted in the majority opinion in *State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987), we modified the strict rule enunciated in *Lukens* and *Phillips.*

In *Crowder,* Justice Moeller concurred in part and dissented in part stating:

I was not a member of the court when either *Phillips* or *Lukens* was decided. I am mindful that precedents of the court should not lightly be overruled and certainly not for reasons so inconsequential as a change of personnel on the court. We now have enough experience in *Phillips* to know that it is creating great mischief in Arizona's criminal justice system. The instant case is but one example of that mischief. In an effort to be scrupulously fair, the court in *Phillips* announced a wide-ranging rule which has now proved to be both unworkable and unnecessary. I perceive no infirmity whatsoever·under either the constitution or Rule 17 in imposing restitution upon a defendant who has been advised that the law requires it, who has agreed to it, and who has the right to have a hearing relative to the amount and manner of its payment. For this reason, I respectfully suggest that we should revise *Phillips* now and withdraw the broad rule there announced, rather than attempt to limit its effect in a piecemeal fashion.

*State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176, 1182 (1987).

I now agree with Justice Moeller's dissent in *Crowder.*

In the present case, the record establishes that defendant was fully aware of the essential and relevant terms of the plea

agreement and its material consequences to him, including the fact that he would have to make restitution in some amount and might be fined over $150,000. The only thing defendant did not know was the amount of restitution he would have to pay for loss of property since this had not been computed. Given the possible fate that awaited defendant, and the advantageous plea offered, it seems unlikely that the precise amount of restitution would have been a relevant consideration in defendant's voluntary decision to accept the plea agreement.

Assuming that the defendant may not have been told the precise amount of restitution, it would appear that the amount of restitution, $78.00, could not have been a relevant factor in defendant's decision-making process. Where it is a relevant factor and an issue, the facts will be examined with a critical eye. *Crowder* at 482, 747 P.2d 1181. Plea bargains however, should be honored by both parties, and withdrawal will be allowed only when it may fairly be said that the agreement was involuntary because defendant lacked information of true importance in reaching a decision. In the instant case, the precise amount of restitution was not a material factor in defendant's voluntary decision to enter into a plea agreement. I would agree with the State that such portions of *Lukens, Phillips* and *Crowder, supra,* contrary to this dissent should be overruled.

MOELLER, Justice, concurring.

I join in Justice Cameron's concurrence.