**508**

759 P.2d 1312
STATE of Arizona, Appellee,

v.

William R. KING, Appellant.

No. CR–87–0277–PR.

Supreme Court of Arizona,
En Banc.

June 30, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Janet Keating, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Former Maricopa County Public Defender, Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Maricopa County Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

The defendant, William R. King, pled guilty to one count charging theft, a class 5 felony, with two prior convictions. Pursuant to the plea agreement, the trial court sentenced him to a term of six years confinement and fined him $16,876 with a 37 percent surcharge. The trial court ordered the fine to be paid to the victims and the surcharge paid to the state.

Relying on *State v. Lukens,* 151 Ariz. 502, 729 P.2d 306 (1986), the Court of Appeals remanded the case to the superior court to allow the defendant an opportunity to withdraw his plea. We granted the state's petition for review. We have jurisdiction pursuant to Ariz. Const. art. 6 § 5(3) and Ariz.R.Crim.P. 31.19, 17 A.R.S.

The state raises the following issue for review:

Does *Lukens* require a defendant to agree to the specific sum imposed in a fine when the trial court orders the proceeds of the fine to be paid to the victim in an amount that exceeds the statutorily-prescribed monetary parameters for the crime to which the defendant pled guilty?

## FACTS

On May 9, 1984, a six-count indictment was filed against the defendant alleging three counts of theft, two counts of burglary and one count of trafficking stolen property. The state alleged that these offenses were committed while the defendant was on parole and that the defendant had three prior convictions. The state and the defendant entered into a plea agreement in which the defendant agreed to plead guilty

to one count of theft, class 5 felony,[1] with two prior convictions. The plea agreement contained a stipulation that the defendant would be sentenced to the aggravated term of six years imprisonment.

The plea agreement also provided that:
Restitution of economic loss to the victim ... will be required.
The maximum fine that can be imposed is $150,000 plus 37 percent surcharge.

At the change of plea proceeding, the defendant acknowledged that he had "extensively" discussed the plea agreement with his attorney and understood its terms. The trial court explained to the defendant the possible range of sentence, the specified terms of the sentence, and the constitutional rights he was waiving by entering the guilty plea. Although the trial court did not explain the plea agreement's restitution requirement, the court informed the defendant that a maximum fine of $150,000 plus 37 percent surcharge could be imposed. The defendant stated that he understood the consequences of his plea, including the possible $150,000 fine, and that he still wished to plead guilty. The defendant related the essential details of his offense, and admitted the two prior felony convictions. The trial court found that a factual basis had been established for the plea and that the defendant's guilty plea was made knowingly, voluntarily and intelligently.

The trial court sentenced the defendant to the aggravated six-year term of imprisonment as stipulated in the plea agreement. In accordance with the plea agreement and A.R.S. § 13-801, et seq., the defendant was also ordered to pay a $17,000 fine. The proceeds of this fine were to be paid to the victims. The defendant appealed, and the Court of Appeals remanded the case for resentencing because the trial court had not set forth the aggravating factors in support of the aggravated sentence.

The trial court resentenced the defendant this time fining him $16,876. The trial court ordered the amount of the fine to be paid to the victim. Defendant again appealed claiming that his plea agreement was not voluntarily and intelligently made according to our decision in *Lukens*. In *Lukens*, we held that a defendant cannot be required to pay restitution pursuant to A.R.S. § 13-603(C) in an amount exceeding the monetary limits of the statute governing the crime to which the defendant pleads guilty unless the defendant voluntarily and intelligently agrees to pay a higher amount. In deciding whether the defendant here voluntarily and intelligently entered the plea agreement, the Court of Appeals relied on *Lukens*. The Court of Appeals found no logical distinction between the direct imposition of restitution pursuant to A.R.S. § 13-603(C), and the imposition of restitution as a part of a fine under A.R.S. § 13-804(A). Therefore, the Court of Appeals ruled that the defendant should be allowed to withdraw his plea because he had not agreed to pay restitution in an amount exceeding $500, the limits of the crime to which he pled guilty.

## DISCUSSION

Restitution to crime victims may be ordered in two ways. *State v. Pleasant*, 145 Ariz. 307, 701 P.2d 15 (App.1985). The trial court may order the defendant to pay restitution to the victim pursuant to A.R.S. § 13-603(C).[2] Alternatively, the trial court may impose a fine on the defendant and order that all or any portion of the fine imposed pursuant to A.R.S. § 13-801 be allocated to the victim pursuant to A.R.S.

---

1. A.R.S. § 13-1802(C) provides in part:
   Theft of property or services with a value of two hundred fifty dollars or more but less than five hundred dollars is a class 5 felony.

2. A.R.S. § 13-603(C) provides:
   If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of the economic loss as determined by the court and in the manner as determined by the court pursuant to Chapter 8 of this title. Restitution ordered pursuant to this subsection shall be paid to the clerk of the court for disbursement to the victim.

**510**

§ 13–804(A).[3]

 We find that the Court of Appeals misapplied *Lukens* to the case at bar. *Lukens* dealt with restitution orders that were made pursuant to A.R.S. § 13–603(C). In such cases, the defendant cannot voluntarily and intelligently enter a plea agreement when he does not know the amount of restitution, and it is relevant and material to his decision to plead.[4] In *Lukens* the defendant was faced with the possibility of a fine and restitution. The maximum amount of a fine was known but not the amount of restitution. In the case of a fine, the defendant must be aware of maximum amount of the fine which can be imposed before a plea may be said to be voluntarily and intelligently made. The distribution of the fine, whether to the state or to the victim, is irrelevant to the determination of a knowledgeable plea.

The defendant was aware that a fine up to $150,000 could be imposed. The plea agreement that the defendant signed provided similar information. The trial court advised the defendant at the change of plea hearing that such a fine could be levied. The defendant stated that he had extensively discussed the plea with his attorney and understood that he was facing a possible $150,000 fine. The defendant still wished to plead guilty.

The defendant cannot successfully complain if the trial court imposed a lesser fine. Furthermore, it should make no difference to the defendant that the trial judge decided to exercise his discretion pursuant to A.R.S. § 13–804(A) and allocate the amount of the fine to the victim. Unlike *Lukens*, this defendant was not under any illusion about the extent of a possible financial assessment. We conclude that the defendant voluntarily and intelligently entered into a favorable plea agreement, and there is no basis in the record to allow him to withdraw his plea.

We have reviewed the record for fundamental error according to the mandate of A.R.S. § 13–4035; *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), and find none. The decision of the Court of Appeals is vacated, and the judgment of the superior court is affirmed.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.

---

3. A.R.S. § 13–801(A) permits the trial court to impose a fine up to $150,000. Thereafter, the court may, in its sole discretion, order that all or any portion of that fine be paid to any person who suffered economic loss from the defendant's conduct. A.R.S. § 13–804(A).

4. Subsequent cases have clarified this rule so that the defendant will be permitted to withdraw from his plea agreement only in those cases in which the amount of restitution was unknown to the defendant, and it was a relevant and material factor in the defendant's decision to plead. *State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987).